IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-359-BO

| | | |
|---|---|---|
| JAMES A. CLARK, JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Appellee. | ) | |

This cause comes before the Court on appellant's motion to stay pending appeal and petition for writ of supersedes under Rule 23 and motion for temporary stay. Appellee has responded to the motions and the time for filing a reply has expired. In this posture, the motions are ripe for ruling. For the reasons that follow, appellant's motions are denied.

## BACKGROUND

Appellant, Clark, initiated this action by noticing an appeal of an order of the United States Bankruptcy Court for the Eastern District of North Carolina, Warren, J. presiding, entered on July 13, 2017. [DE 1]. In its order, the bankruptcy court granted appellee's, Wells Fargo's, motion for *in rem* relief from automatic stay pursuant to 11 U.S.C. § 362(d)(4) as to property located at 515 Morgan Trace Lane in Goldsboro, North Carolina. Wells Fargo is the holder of a promissory note secured by a valid lien on the Morgan Trace Lane property, which is evidenced by a deed of trust in the original amount of $201,400.00 dated March 15, 2004. Since the origination of the Wells Fargo loan, Clark and the Morgan Trace Lane property have been subject to five bankruptcy proceedings. The bankruptcy court, after a hearing at which Clark, his co-debtor Helen P. Clark, and counsel for Wells Fargo appeared, held that Clark, through his

previous filings and lack of good faith, had demonstrated that Wells Fargo's request for relief pursuant to 11 U.S.C. § 362(d)(4) should be allowed and that Clark's current bankruptcy filing represents part of a scheme to defraud creditors. Section 362(d)(4) provides that, on request of a party and after notice and a hearing, a court shall grant relief from the automatic stay effected on the filing of a bankruptcy petition where

> with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

The bankruptcy court terminated the stay previously afforded by 11 U.S.C. §§ 362 and 1301(c) as to the co-debtor/co-mortgagor Helen P. Clark, and ordered that Wells Fargo may enforce the deed of trust and collect or recover the indebtedness it secures. The bankruptcy court specifically held that Wells Fargo may proceed with foreclosure or any other action available to it. Finally, the bankruptcy court barred Clark from filing bankruptcy of any chapter in any district for one year. [DE 1-1].

On August 11, 2017, the bankruptcy court, after conducting a hearing on August 1, 2017, at which Clark and counsel for Wells Fargo appeared, denied Clerk's motion to stay pending appeal. [DE 12 at 76]. The bankruptcy court held that Clark had failed to show any likelihood of success on appeal, that Clark would not suffer irreparable harm as the 13 July 2017 Order was reasonably foreseeable due to the substantial amount of mortgage delinquency, that Wells Fargo would be harmed by a stay, and that the public interest did not weigh in favor of granting Clark a stay. *Id.* at 77-78.

2

After noticing the instant appeal, Clark, proceeding in this action *pro* se, moved for a temporary stay of the bankruptcy court's order on appeal pursuant to Fed R. Bankr. P. 8007(a)(1) and Tenth Circuit BAP Local Rule 8007-1. In support of his motion, Clark contends that there is a possibility that the appeal will ultimately dispose of all claims and that the Eleventh Circuit has acknowledged the process of a court granting a motion to stay proceedings pending appeal.

Clark later filed a petition for writ of supersedes [sic] under Rule 23 and motion for temporary stay. In that motion, Clark seeks a stay of enforcement of the order entered by the bankruptcy court on August 11, 2017, and cites North Carolina Rule of Appellate Procedure 23(e). Clark states that issue presented on appeal is whether the bankruptcy court erred or abused its discretion in failing to afford Clark the opportunity to respond to Wells Fargo's response to the motion to stay pending appeal. Clark contends that a stay is necessary to avoid irreparable harm and to preserve the status quo pending the exercise of the appellate Court's jurisdiction.

## DISCUSSION

Wells Fargo has responded to both motions and argues that Clark has failed to demonstrate that a stay of the bankruptcy court's order on appeal is warranted. The Court agrees.

Federal Rule of Bankruptcy Procedure 8007 provides that a party may seek a stay of a judgment, order, or decree of the bankruptcy court pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A). "[A] party seeking a stay [in the district court] must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The

3

party seeking a stay must make a clear showing of *each* of the above-listed factors before a stay will issue. *See CWCapital Asset Mgt., LLC v. Burcam Capital II, LLC*, 5:13-CV-278-F, 2013 WL 3288092, at *2 (E.D.N.C. June 28, 2013) (applying more stringent preliminary injunction standard); *Rose v. Logan*, BR 12-25471-RAG, 2014 WL 3616380, at *1 (D. Md. July 21, 2014) (discussing *Long* and preliminary injunction standard as modified in *Real Truth About Obama, Inc. v. FTC*, 575 F.3d 342 (4th Cir. 2009) (vacated on other grounds, 559 U.S. 1089 (2010)); *Coler v. Draper*, CIV. WDQ-12-2020, 2012 WL 5267436, at *3 (D. Md. Oct. 23, 2012) ("In the Fourth Circuit, the standard for a stay pending appeal of a bankruptcy court's decision is that for a preliminary injunction.").

Clark has failed to demonstrate that a stay of the bankruptcy court's order is warranted in this instance. First, Clark has not made a clear showing that he is likely to succeed on the merits of his appeal. Indeed, Clark has not argued that he has raised an issue which will likely succeed, but rather contends that there is a possibility that the appeal will dispose of all claims. This Court further agrees with the bankruptcy court's ruling that Clark will not suffer irreparable harm in the absence of a stay given the circumstances – Clark has been in default since April 1, 2013, and the Morgan Trace Lane property has apparently been the subject of several foreclosure actions by Wells Fargo. As Clark has failed to make a clearing showing of either the first or second factor, he cannot satisfy the requirements necessary for entering a stay of the bankruptcy court's order pending appeal.

Clark's petition for writ of supersedeas pursuant to Rule 23 of the North Carolina Rules of Appellate Procedure and motion for temporary stay is also denied. In this petition, Clark appears to seek a stay of the bankruptcy court's August 11, 2017, order denying a stay of its July 13, 2017, order. Clark cites the issue on appeal as whether the bankruptcy court erred or abused

its discretion in failing to afford him the opportunity to respond to Wells Fargo's response to Clark's motion to stay pending appeal.

At the outset, the North Carolina Rules of Appellate Procedure are not applicable here. Clark further has not demonstrated that a temporary stay is warranted. Although Clark appears to seek to appeal the bankruptcy court's denial of his motion to stay, that issue is more properly addressed by a motion for stay filed in this Court. *See* Fed. R. Bankr. P. 8007(b). Clark has already filed a motion to stay, and the instant motion is therefore moot.

## CONCLUSION

For the foregoing reasons, appellant's motion to stay proceedings [DE 4] is DENIED and appellant's petition for writ of supersedes [DE 9] is DENIED AS MOOT.

SO ORDERED, this 24 day of October, 2017.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE